1  Frank E. Schimaneck, Esq. (SBN 73912)
   Susan E. Foe, Esq. (SBN 148730)
2  DRYDEN, MARGOLES, SCHIMANECK & WERTZ
   A Law Corporation
3  505 Sansome Street, Sixth Floor
   San Francisco, California 94111
4  Telephone:    (415) 362-6715
   Facsimile:    (415) 362-0638
5  Email: feschimaneck@drydenlaw.com
   sefoe@drydenlaw.com
6
   Attorneys for Defendant
7  JLG Industries, Inc.
   (sued herein as Doe 1)
8
   John Fitzpatrick Vannucci, Esq. (SBN 174329)
9  Law Offices of John Fitzpatrick Vannucci
   100 Montgomery Street, 16th Floor
10 San Francisco, California  94104
   Tel: (415) 981-7500 • Fax: (415) 981-5700
11 Email:  jfv@jfvlaw.com

12 Attorneys for Plaintiffs
   Yu Lian Tan, Zhi Bin Peng
13
   William S. Kronenberg, Esq. (SBN 133730)
14 Matthew J. Kracht, Esq. (SBN 249076)
   Murphy, Pearson, Bradley & Feeney
15 88 Kearny Street, 10th Floor
   San Francisco, CA 94108-5530
16 Tel: (415) 788-1900 • Fax: (415) 393-8087
   Email:  mkracht@mpbf.com ; wkronenberg@mpbf.com; dsmith@mpbf.com
17
   Attorneys for Defendant
18 Coast Crane Company

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                         (San Francisco Division)

22

| | |
|---|---|
| YU LIAN TAN; ZHI BIN PENG, | ACTION NO. 3:10-cv-03570-MMC |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| v. | |
| | Date: February 4, 2011 |
| COAST CRANE COMPANY; OSHKOSH SPECIALTY VEHICLES, INC.; XI SHAN ZHU, KWAN WO IRONWORKS, INC.; and Does 1 to 70, inclusive | Time: 10:30 a.m. |
| | Courtroom: 7, 19th Floor |
| | Judge: Honorable Maxine M. Chesney |
| Defendants. | |

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company*, et al.; USDC Action No.: 3:10-cv-03570-MMC

**1.   JURISDICTION AND SERVICE**

Defendant JLG Industries, Inc. (sued herein as Doe 1) removed this action to the U.S. District Court for the Northern District of California, San Francisco Division, on August 13, 2010, pursuant to jurisdiction under 28. U.S.C. § 1441(b) (diversity and amount in controversy exceeds $75,000). Personal jurisdiction and venue are not contested.

Defendants Oshkosh Speciality Vehicles, Inc., Xi Shan Zhu, and Kwan Wo Ironworks, Inc. have not been served.

**2.   FACTUAL BACKGROUND**

Plaintiffs are the widow and son of the decedent, Zhu Ming Peng. They allege that he was working for Kwan Wo Ironworks, Inc. on June 9, 2008, when he was injured and died. They allege a co-worker, Xi Shan Zhu, operated a Model 10-54 Crane ("the subject crane") and dropped a large iron truss on Mr. Peng, causing his death. They allege the subject crane was manufactured by defendant JLG Industries, Inc. ("JLG"), and distributed by defendant Coast Crane Company ("Coast Crane"). They allege the truss was manufactured by Kwan Wo Ironworks, Inc.

Defendants dispute liability and damages.

**3.   LEGAL ISSUES**

Plaintiffs' causes of action include strict liability, negligence, breach of express warranty, breach of implied warranty, assault and battery, and negligence. The latter two causes of action were asserted solely against Xi Shan Zhu, Kwan Wo Ironworks, Inc. and Does 51 through 70. These defendants have not appeared.

Plaintiff contend the subject crane was defective and the wrong instruction manual was provided to Kwan Wo Ironworks, Inc.

Defendants contend there was no defect in the subject crane and that it was misused.

**4.   PENDING AND PROPOSED MOTIONS**

There have been no prior motions filed in this matter. There are no pending motions. Defendants may file motions for summary judgment/summary adjudication. All parties may file motions in limine.

///

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company, et al.*; USDC Action No.: 3:10-cv-03570-MMC

**5.     PROPOSED AMENDMENT TO THE PLEADINGS**

None is anticipated at this time.

The deadline for amendments to the pleadings will be November 30, 2011.

**6.     EVIDENCE PRESERVATION**

The parties stipulate that they will maintain all evidence in their possession, including computer-stored evidence.

**7.     FACTS IN DISPUTE**

- How plaintiff's decedent's injury occurred;
- Whether plaintiff's decedent's injuries were caused by a defect in the subject crane and/or associated equipment;
- Whether the alleged defect existed at the time of manufacture, sale and/or rental;
- Whether appropriate warnings were given by defendants regarding operation of the subject crane;
- Whether the subject crane was modified by anyone;
- Plaintiff's decedent's training and experience regarding crane operation;
- The training and experience of Xi Shan Zhu and Kwan Wo Ironworks, Inc. regarding crane operation;
- Whether anyone misused the subject crane;
- Whether any other persons contributed to the accident;
- Whether plaintiff's decedent, Xi Shan Zhu and Kwan Wo Ironworks, Inc. properly heeded the warnings and safe practices in operation of the subject crane;
- Whether plaintiff's decedent acted reasonably to avoid the accident or reduce damages;
- The nature and extent of plaintiffs' alleged injuries and damages;
- Defendants' liability;
- Plaintiffs' damages.

**8.     LEGAL ISSUES IN DISPUTE**

The principal disputed legal issues are:

**DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company, et al.*; USDC Action No.: 3:10-cv-03570-MMC

1      • Whether the subject crane was defective at the time of manufacture, sale and rental;
2      • Whether defendants failed to warn regarding operation of the subject crane;
3      • Whether the consumer expectation or risk benefit tests will be utilized;
4      • Whether plaintiffs' decedent, Xi Shan Zhu and Kwan Wo Ironworks, Inc. were
5         sophisticated users of the subject crane;
6      • Whether the subject crane was misused by plaintiffs' decedent, or by anyone;
7      • Whether the subject crane caused or contributed to the accident;
8      • Whether the iron truss and its attachments caused or contributed to the accident;
9      • Whether the accident caused or contributed to plaintiffs' claimed damages;
10     • The admissibility of any Cal-OSHA findings;
11     • Whether any express or implied warranties apply;
12     • The admissibility of any prior similar accidents or lack of same;
13     • Comparative fault of plaintiffs' decedent.

**9.     INITIAL DISCLOSURES**

The parties will serve their Initial Disclosures by January 28, 2011.

**10.    DISCOVERY**

The parties anticipate serving written discovery requests. Defendants will subpena the employment and medical records of plaintiffs's decedent. Depositions of the parties and percipient witness will be taken. Depositions of treating physicians, if any, will be taken. Depositions of expert witnesses will be taken.

**11.    CLASS ACTION**

This is not a class action.

**12.    RELATED CASES**

There may be a worker's compensation claim arising from the subject accident.

**13.    RELIEF**

Plaintiffs seek damages for loss of the care, comfort and companionship of their decedent.

**14.    SETTLEMENT AND ADR**

The parties would consider private mediation at the completion of discovery.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company, et al.*; USDC Action No.: 3:10-cv-03570-MMC

**15.    CONSENT TO MAGISTRATE JUDGE**

Defendants did not so stipulate.

**16.    OTHER REFERENCES**

The parties do not anticipate any need for referrals.

**17.    NARROWING OF ISSUES**

None known at this time.  Further discovery may provide information sufficient to narrow the issues.

**18.    EXPEDITED SCHEDULE**

The parties do not anticipate any special procedures at present.

**19.    SCHEDULING**

**Defendants' Proposal**

**Discovery**

| | |
|---|---|
| • Exchange of Initial Disclosures | January 28, 2011 |
| • Cut-off for non-expert discovery: | June 29, 2012 |
| • Disclosure of expert witnesses: | August 3, 2012 |
| • Disclosure of rebuttal witnesses: | October 1, 2012 |
| • Cut-off for expert discovery: | December 14, 2012 |
| • Discovery outside U.S.A.: | Unknown at this time |
| • Video or sound recording of depositions: | Unknown at this time |

**Case Management**

| | |
|---|---|
| • Mid-Discovery Status Report: | January 13, 2012 |
| • Mid-Discovery Status Conference: | February 3, 2012 |
| • Last day for hearings re expert witnesses: | November 2, 2012 |
| • Last day for dispositive motions: | February 12, 2013 |
| • Pre-trial Conference Statements: | November 2, 2012 |
| • Pre-Trial Conference: | November 14, 2012 |
| • Trial: | April 29, 2013 |

/ / /

**DRYDEN, MARGOLES, SCHIMANECK & WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company, et al.*; USDC Action No.: 3:10-cv-03570-MMC

**Plaintiffs' Proposal**

**Discovery**

| | | |
|---|---|---|
| • | Exchange of Initial Disclosures | January 28, 2011 |
| • | Cut-off for non-expert discovery | November 18, 2011 |
| • | Disclosure of expert witnesses | December 16, 2011 |
| • | Disclosure of rebuttal witnesses | January 16, 2012 |
| • | Cut-off for expert discovery | March 16, 2012 |

**Case Management**

| | | |
|---|---|---|
| • | Status Report | July 27, 2011 |
| • | Status Conference | August 17, 2011 |
| • | Last day for expert witness hearings | March 16, 2012 |
| • | Last day for dispositive motions | June 11, 2012 |
| • | Pre-trial Conference Statements | July 13, 2012 |
| • | Pre-trial Conference | July 25, 2012 |
| • | Trial | August 27, 2012 |

**20.   TRIAL**

Defendants requested a jury trial. It is anticipated the trial will take 10 to 15 court days.

**21.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On August 19, 2010, JLG Industries, Inc. filed its Certificate of Interested Entities or Persons stating identifying Oshkosh Corporation, a Wisconsin corporation, as an interested entity or person.

On January 12, 2011, defendant Coast Crane Company filed its Certificate of Interested Entities or Persons stating that, as of that date, other than the named parties, there is no such interest to report.

Plaintiffs have not filed a Certificate of Interested Entities or Persons, and as of this date, there are no entities or persons of interested on behalf of plaintiffs.

**14.   OTHER SUGGESTIONS**

The parties do not anticipate any special procedures at present. The parties respectfully request a settlement conference be set at the close of discovery should be the court be so inclined.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
Tan vs. Coast Crane Company, et al.; USDC Action No.: 3:10-cv-03570-MMC

1 | DATED: January 27, 2011. | **LAW OFFICES OF JOHN FITZPATRICK VANNUCCI**

/s/ *John Fitzpatrick Vannuci*
(original signature retained by attorney Susan E. Foe)

John Fitzpatrick Vannucci
Attorneys for Plaintiffs
Yu Lian Tan, Zhi Bin Peng

DATED: January 27, 2011. | **MURPHY, PEARSON, BRADLEY & FEENEY**

/s/ *Michael J. Kracht*
(original signature retained by attorney Susan E. Foe)

Michael J. Kracht
Attorneys for Defendant
Coast Crane Company

DATED: January 27, 2011. | **DRYDEN MARGOLES SCHIMANECK & WERTZ**

By: /s/ *Susan E. Foe*

Susan E. Foe
Attorney for Defendant
JLG Industries, Inc.

**DRYDEN, MARGOLES, SCHIMANECK & WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

-1-

JOINT STATUS CONFERENCE STATEMENT
*Tan vs. Coast Crane Company, et al.; USDC Action No.: 3:10-cv-03570-MMC*

*Tan v. JLG Industries, Inc.*
*USDC-CAED Action No. 3:10-cv-03570-EDL*

**PROOF OF SERVICE**

The undersigned declares: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 505 Sansome Street, Sixth Floor, San Francisco, California 94111. On the date shown below I served the following document:

- **JOINT CASE MANAGEMENT STATEMENT**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

| ATTORNEY FOR: | ATTORNEY: |
|---|---|
| *Attorneys for Plaintiffs Yu Lian Tan, Zhi Bin Peng* | John Fitzpatrick Vannucci, Esq.<br>Law Offices of John Fitzpatrick Vannucci<br>100 Montgomery Street, 16th Floor<br>San Francisco, California 94104<br>Tel: (415) 981-7500 • Fax: (415) 981-5700<br>Email: jfv@jfvlaw.com |
| *Attorneys for Coast Crane Company* | Michael J. Kracht, Esq.<br>Murphy, Pearson, Bradley & Feeney<br>88 Kearny Street, 10th Floor<br>San Francisco, CA 94108-5530<br>Tel: (415) 788-1900 • Fax: (415) 393-8087<br>Email: mkracht@mpbf.com ;<br>wkronenberg@mpbf.com; dsmith@mpbf.com |

__X__  **EMAIL/PACER/ECF:** I caused all of the pages of the above-entitled document(s) to be sent to the recipient(s) noted above via ECF/PACER and email pursuant to General Order 45.

__X__  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

__X__  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *January 27, 2011*, at San Francisco, California.

*Linda L. Benson*

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

8

Proof of Service