**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YU LIAN TAN, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>COAST CRANE COMPANY, et al.,<br><br>       Defendants.<br>_____/ | No. C-10-3570 MMC<br><br>**ORDER AFFORDING PLAINTIFFS LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT COAST CRANE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

       Before the Court is defendant Coast Crane Company's ("Coast Crane") Motion for Summary Judgment, or in the Alternative Partial Summary Judgment, filed December 6, 2012. Plaintiffs Yu Lian Tan and Zhi Bin Peng have filed opposition, to which Coast Crane has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons set forth below, finds it appropriate to afford plaintiffs the opportunity to file a surreply.

       In its moving papers, Coast Crane argues it is entitled to summary judgment, basing its argument on its understanding that plaintiffs' claims are premised on Coast Crane's having given no warning regarding "the dangers associated with decedent Peng's decision to remain standing inside the three trusses and Mr. Zhu's decision to lift the load while Mr. Peng was standing inside the three trusses." (See Def.'s Mot. at 12:23-28.) In their opposition, however, plaintiffs clarify that their claims are premised on their contention that

the forklift being used at the time of the accident had a "boom that could not be simultaneously extended and raised" and that no warning was given as to said alleged inability (see Pls.' Opp. at 3:22-24); in support thereof, plaintiffs submit the deposition testimony of Armstrong Lum ("Lum"), a Cal-OSHA engineer, who states the operator of the forklift told him the boom lacked such ability (see Vannucci Decl. Ex. 2 at 18:1-10, 45:1-16, 148:13-19).

In its reply, Coast Crane objects to the entirety of Lum's testimony, on the ground such testimony is barred by statute, see Cal. Labor Code § 6304.5 (providing "testimony of employees of [Cal-OSHA] shall not be admissible as expert opinion"),[1] and, further, submits deposition testimony from said forklift operator as well as a declaration from its own employee, stating, in each instance, that the forklift's boom in fact can be simultaneously extended and raised, (see Supp. Cody Decl. Ex. I at 119:1-19; Supp. Larson Decl. ¶ 1). Based on such objection and new evidence, Coast Crane again argues it is entitled to summary judgment.

Because plaintiffs have not had an opportunity to respond to the above-referenced argument made in Coast Crane's reply, as well as the evidence offered in support thereof, the Court finds it appropriate to afford plaintiffs an opportunity to do so.

Accordingly, the Court sets the following schedule:

1. No later than January 18, 2013, plaintiffs shall file any surreply, not to exceed seven pages in length, exclusive of exhibits.

2. The hearing on Coast Crane's motion is hereby CONTINUED from January 11, 2013 to February 1, 2013, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: January 8, 2013

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court also notes that even in the absence of § 6304.5, a question remains as to whether the hearsay statements as to which Lum testified would be admissible for the truth of the matters stated.

2